**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**EUGENE JONES**
**ADC #169865** **PLAINTIFF**

**V.** **No. 4:21-CV-00287-LPR-ERE**

**DOC HOLLADAY, *et al.*** **DEFENDANTS**

# RECOMMENDED DISPOSITION

## I. Procedure for Filing Objections

This Recommendation has been sent to United States District Judge Lee Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of the Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## II. Summary

This case should be dismissed because Plaintiff Eugene Jones alleges a violation of his constitutional rights that occurred outside the applicable three-year statute of limitations. Although only one Defendant, Kimberly Harrison, has asserted this affirmative defense, the non-moving Defendants are also entitled to the benefit of this common defense. All claims should be dismissed as untimely.

## III. Background

On March 26, 2021, Mr. Jones filed the complaint[1] in this case alleging Defendants were deliberately indifferent to his medical needs "from 2017 until 2018" while he was incarcerated at the Pulaski County Regional Detention Center (PCRDC). *Doc. 2 at p 4.* On the complaint form, Mr. Jones indicated that he previously filed a lawsuit – *Jones v. Pulaski County Jail, et al.*, No. 4:18-CV-00030-KGB-JTR ("*Jones I*") – involving the same allegations raised in this case. *Id. at p. 3.*

Court records show that *Jones I* was filed on January 12, 2018. In that action, Mr. Jones also alleged that Defendants were deliberately indifferent to his medical needs.[2] *Jones I at Doc. 2*. On August 30, 2018, the Court dismissed *Jones I* for failure to prosecute. *Id. at Doc. 10.*[3]

[1] Although the complaint was docketed on April 12, 2021, it is dated March 26, 2021 and postmarked March 29, 2021, so it is considered filed on March 26, 2021. See *Grady v. United States*, 269 F.3d 913, 916 (8th Cir. 2001) ("Under the prison mailbox rule, a *pro se* pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline.").

[2] When considering a motion for judgment on the pleadings or a motion to dismiss, the Court may consider materials that are part of the public record, such as orders, items appearing in the record of the case, and exhibits attached to the complaint. *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015) (citations and quotations omitted).

[3] On April 12, 2021, nearly *three years after Jones I* was dismissed, Mr. Jones sought leave to appeal *in forma pauperis*. *Jones I at Doc. 18*; see Fed. R. App. P. 4(a)(1)A) (requiring an appeal to be filed "within 30 days after the entry of judgment or order appealed from"). On June 15, 2021, the Court of Appeals for the Eighth Circuit dismissed the appeal for lack of jurisdiction. *Id. at Doc. 28.*

On October 4, 2021, Defendant Kimberly Harrison filed a motion to dismiss the complaint in this case based on the statute of limitations. *Doc. 66*. According to Ms. Harrison, "the face of the pleadings in the first-filed lawsuit establish that [Mr. Jones] was released from his incarceration" at the [PCRDC] at some point prior to February 16, 2018." *Doc. 67 at 4*. She bases this assertion on the fact that mail sent to Mr. Jones at the PCRDC was returned as undeliverable on that date. *Jones I at Doc. 6*.[4] Thus, she argues that the statute of limitations for Mr. Jones to refile his lawsuit could have been no later than February 16, 2021, and that he refiled the lawsuit too late.

Mr. Jones has not responded to the motion to dismiss, and the time to do so has passed.

## IV. <u>Discussion</u>

### A. Statute of Limitations

A § 1983 claim borrows the forum state's statute of limitations for a personal injury claim; in Arkansas, the limitations period is three years. *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018). Because Mr. Jones

[4] This is corroborated by the fact that in his March 30, 2018 objections, Mr. Jones claims that he had been rushed to the state hospital. *Jones I at Doc. 8*. The Arkansas Division of Corrections' website also shows Mr. Jones' initial receipt date as April 10, 2018.

filed this complaint on March 26, 2021, absent tolling, any allegations of unlawful conduct that occurred before March 26, 2018 are time-barred.

As Ms. Harrison correctly points out, to be timely filed, the allegations of illegal conduct at the PCRDC must have occurred no later than February 16, 2018. In fact, the alleged conduct must have occurred before January 12, 2018, because that is the date the complaint was filed in *Jones I*, and there are no allegations of unconstitutional actions *after* January 12, 2018.

On the face of Mr. Jones' complaint in this action and taking judicial notice of *Jones I*, Mr. Jones' claims are all based on events that occurred outside the applicable three-year statute of limitations.

**B. Statutory Tolling Does Not Apply**

Ordinarily, the Arkansas "savings statute," which tacks on a one-year period to refile a case after suffering a nonsuit, might protect Mr. Jones' case from dismissal. See Ark. Code Ann. § 16-56-126; *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (clarifying that the Arkansas saving statute and the Arkansas cases interpreting that statute apply to the dismissal, without prejudice, of § 1983 claims).

However, for the savings statute to apply, "the first lawsuit must have commenced, which, under Arkansas law, occurs when the plaintiff files the complaint and completes timely service on the defendant." *Barner v. Thompson/Center Arms Co., Inc.*, 796 F.3d 897, 900 (8th Cir. 2015).

Mr. Jones failed to serve any defendant in *Jones I*. He filed his *Jones I* complaint on January 12, 2018. *Jones I at Doc. 2*. A February 12, 2018 Order directed the complaint to be stricken from the record and ordered Mr. Jones to file an amended complaint. *Id. at Doc. 5*. Mr. Jones never filed an amended complaint, and the Court dismissed the case for failure to prosecute. *Id. at Doc. 10*. Thus, Mr. Jones cannot rely on the Arkansas savings statute to save his time-barred claims.

**C. Common Defense Doctrine**

All Defendants in this case are entitled to the benefit of the common defense raised by Defendant Harrison. "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915(d) when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992); see also *Angelo Iafrate Constr. LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (explaining that "if an answering party asserts a defense on the merits that equally applies to the other defendant, the success of the defense operates as a discharge to all the defendants"); *Owens/Mitchell v. Burl*, No. 4:14-cv-00126-DPM (E.D. Ark. May 7, 2014) (unpublished opinion) (holding, in a prisoner § 1983 action, that the "non-moving Defendants" also were entitled to dismissal, based on a common defense raised by other defendants), aff'd without comment, 2014 WL 1820639 (8th Cir. Sept. 29, 2014) (unpublished decision).

Accordingly, all Defendants are entitled to the dismissal of Mr. Jones' time-barred claims.

**V. Conclusion**

It is clear from the face of Mr. Jones' complaint that all of the alleged unconstitutional conduct occurred more than three years before he filed this case, and he is not entitled to the benefit of statutory tolling.

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Kimberly Harrison's motion to dismiss *(Doc. 66)*, based on the statute of limitations, be GRANTED.

2. Plaintiff Eugene Jones' claims against all Defendants be dismissed, with prejudice, as time-barred, and the case closed.

3. Dismissal of this case is a "strike" within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).[5]

DATED this 25th day of October, 2021.

UNITED STATES MAGISTRATE JUDGE

[5] See *Jones v. Bock*, 549 U.S. 199, 215 (2007) (acknowledging that a complaint is subject to dismissal for failure to state a claim under 28 U.S.C. § 1915A(b)(1) if the allegations show that relief is barred by the applicable statute of limitations).