IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**EUGENE JONES**  PLAINTIFF
**ADC #169865**

v.   Case No: 4:21-cv-00287-KGB

**DOC HOLLADAY**, *et al.*   DEFENDANTS

## ORDER

Before the Court is a Recommended Disposition submitted by United States Magistrate Judge Edie R. Ervin and several motions filed by plaintiff Eugene Jones (Dkt. Nos. 73; 77; 81; 84; 86; 91). Mr. Jones' motions include several requests for a status update, a request for appointed counsel, and a motion for default judgment (Dkt. Nos. 77; 81; 84; 91). The Court addresses the Recommended Disposition and the subsequent motions in turn.

**I.   Recommended Disposition**

Judge Ervin submitted the Recommended Disposition on October 25, 2021, recommending that the Court grant defendant Kimberly Harrison's motion to dismiss (Dkt. Nos. 66; 73, at 6). Judge Ervin found that all claims asserted by Mr. Jones were time barred and recommended that Mr. Jones' complaint be dismissed with prejudice, with the dismissal of the instant case being counted as a "strike" within the meaning of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g) (*Id.*). Mr. Jones mailed his objections on November 8, 2021 (Dkt. No. 76). This Court received the case through reassignment on April 11, 2022 (Dkt. No. 89).

After careful consideration of the Recommended Disposition and Mr. Jones' objections, and a *de novo* review of the record, the Court concludes that the findings in the Recommended Disposition should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects (Dkt. No. 73). The Court grants Ms. Harrison's motion to dismiss and

dismisses with prejudice Mr. Jones' complaint (Dkt. Nos. 2; 66; 73). The Court recommends that the dismissal of this case be counted as a "strike" within the meaning of the PLRA (Dkt. No. 73).

## II.     Motions for Status Update

Mr. Jones filed several motions requesting a status update (Dkt. Nos. 77; 81; 84; 91). The Court, through this Order, grants Mr. Jones' requests for a status update.

## III.    Request for Appointed Counsel

Mr. Jones requested that the Court appoint him counsel in a motion docketed on January 21, 2022 (Dkt. No. 81). A civil litigant does not have a constitutional or statutory right to appointed counsel; however, the Court may appoint counsel at its discretion. 28 U.S.C. § 1915(e)(1); *see also Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Given that the Court adopts the Recommended Disposition and dismisses with prejudice Mr. Jones' complaint, the Court denies as moot Mr. Jones' request for counsel (Dkt. No. 81).

## IV.    Motion For Default Judgment

On March 23, 2022, Mr. Jones filed a motion for default judgment (Dkt. No. 86). Defendants filed a response on April 1, 2022 (Dkt. No. 88). Given that the Court adopts the Recommended Disposition and dismisses with prejudice Mr. Jones' complaint, the Court denies as moot Mr. Jones' motion for default judgment (Dkt. No. 86).

## V.     Conclusion

For the foregoing reasons, the Court adopts Judge Ervin's Recommended Disposition and grants Ms. Harrison's motion to dismiss (Dkt. Nos. 66; 73). The Court dismisses with prejudice Mr. Jones' complaint and recommends that the dismissal of this case be counted as a "strike" within the meaning of the PLRA (Dkt. Nos. 2; 73). The Court grants Mr. Jones' requests for a

status update through this Order and denies his requests for appointed counsel and default judgment (Dkt. Nos. 77; 81; 84; 86; 91)

It is so ordered this 15th day of June, 2021.

                                                                                    Kristine G. Baker  
                                                                                     United States District Judge